UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JEFFERSON FARRAY,

                Plaintiff,

                -against-

RIKER'S ISLAND CORRECTIONAL FACILITY,

                Defendant.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
12 CV 4717 (ARR)

NOT FOR ELECTRONIC OR
PRINT PUBLICATION

ROSS, United States District Judge:

Plaintiff, currently incarcerated at the Buffalo Federal Detention Facility, brings this *pro se* complaint pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons stated below, plaintiff is granted thirty (30) days leave to submit an amended complaint.

Standard of Review

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "(1)frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007); see also Liner v. Goord, 196 F.3d 132,134 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum

1

Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing plaintiffs' complaint, the court is mindful that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Nevertheless, the court must dismiss an *in forma pauperis* complaint if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## Discussion

Here, plaintiff's statement of claim in its entirety states: " March 15, 2011 incident occurred at Riker's Island C.F. Building (C-95) 10 lower."[1] Compl. 4, ¶ IV. Plaintiff fails to allege any facts in support of his claim and fails to name any individuals responsible for the alleged incident.

To state a § 1983 claim, a plaintiff must allege (1) that the challenged conduct was "'committed by a person acting under color of state law,'" and (2) that such conduct "'deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent substantive right; rather, it is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

---

[1] Plaintiff'S complaint also states, "See attached statement mail[ed] to United States District Court, EDNY . . . ." Compl. 4, ¶ IV. But the docket does not reflect that plaintiff filed any document supplementing his complaint.

2

Moreover, pursuant to Rule 8 of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of claim against each defendant named so that he has adequate notice of the claims against him. Iqbal, 556 U.S. 678 (explaining that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A pleading that only "tenders naked assertion[s] devoid of further factual enhancement" will not suffice. Id. (quotation marks omitted) (alternation in original). Plaintiff must provide facts sufficient to allow each defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. See Twombly v. Bell, 425 F.3d 99, 106 (2d Cir. 2005) (defining "'fair notice'" as "'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.'") (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)).

Plaintiff names as the sole defendant Rikers Island Correctional Facility, a non-suable entity. Rikers Island is not a "person" within the meaning of § 1983, and as part of the New York City Department of Correction, an agency of the City of New York, cannot be sued independently. See Lauro v. Charles, 219 F.3d 202, 205 n.2 (2d Cir. 2000); see, e.g., Thomas v. Bailey, No. 10 CV 0051(RRM)(SMG), 2010 WL 662416, at *1-2 (E.D.N.Y. Feb. 22, 2010); N.Y.C. Charter, Ch. 17, § 396. Accordingly, plaintiff's claim against Rikers Island Correctional Facility is dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b).

### Leave to Amend

In light of this ourt's duty to liberally construe *pro se* complaints, plaintiff is given 30 days leave to file an amended complaint naming the proper defendants and providing a statement of claim. Plaintiff is advised that as a prerequisite to a damage award, he must allege the

3

defendants' direct or personal involvement in the alleged constitutional deprivation. Therefore, plaintiff must allege facts in the statement of claim demonstrating the personal involvement of each defendant named in the amended complaint. If plaintiff cannot identify an individual defendant, he may designate the individual as John Doe, along with descriptive information.

Plaintiff is further informed that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, it is important for plaintiff to include in the amended complaint all necessary information that was included in the original complaint.

## Conclusion

Accordingly, the complaint is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b). If plaintiff elects to file an amended complaint it must be captioned as an "Amended Complaint," bear the same docket number as this order, and be filed within 30 days of the date of the entry of this order.

All further proceedings shall be stayed for 30 days or until plaintiff has complied with this order. If plaintiff fails to file an amended complaint within the time allowed or show good cause why he cannot comply, judgment dismissing this action without prejudice shall be entered and the case shall be closed.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore denies *in forma pauperis* status for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED

/S/ Judge Allyne R. Ross

ALLYNE R. ROSS
United States District Judge

Dated: October 22, 2012
      Brooklyn, New York