FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 16 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

JEFFERSON FARRAY,

                Plaintiff,

    -against-

CAPT. ANTHONY GREEN (#689), WARDEN
YOLANDA CANTY (#602), CORRECTION OFFICER
JAVIER VILLALON (#17074), CORRECTION OFFICER
YOSER COOPER (#8722),

                Defendants.

-------------------------------------------------------------------- X

12-CV-4717 (ARR)(LB)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

OPINION & ORDER

ROSS, United States District Judge:

Jefferson Farray ("plaintiff") brings this pro se civil rights action pursuant to 42 U.S.C. § 1983 against Captain Anthony Green, Warden Yolanda Canty, Correction Officer ("C.O.") Javier Villalon, and C.O. Yoser Cooper (collectively, "defendants") for purported violations of his constitutional rights while he was a prisoner at the New York City Department of Corrections facility known as Rikers Island in March 2011. Plaintiff alleges that defendants failed to provide him with a safe and secure living area and failed to provide him with medical care, and thus violated his constitutional rights. Defendants move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Rules") to dismiss the complaint for failure to state a cognizable constitutional claim upon which relief can be granted.[1] For the reasons explained below, the court grants defendants' motion and dismisses the complaint.

---

[1] Defendants also move to dismiss the complaint on the ground that plaintiff has failed to exhaust his available administrative remedies as required under the Prison Litigation Reform Act ("PLRA"). See 42 U.S.C. § 1997e(a). "Where a motion is premised on the plaintiff's failure to exhaust his administrative remedies, the question is

1

## BACKGROUND

The following facts are taken from plaintiff's pleadings[2] and are accepted as true for purposes of this motion.

On March 15, 2011, between 10:45 pm and 11:00 pm, plaintiff injured his left ankle in an incident at Rikers Island, where he was an inmate. Am. Compl. ¶¶ IV, IV.A. Although the precise details connecting the leaks in the prison ceiling to plaintiff's injury are not clear from the amended complaint, plaintiff appears to have slipped while exiting the shower area, which had a wet and slippery floor due to the ceiling leaks. See Dkt. #41, Pl.'s July 25 Opp'n, Ex. 1, Ltr. To Grievance, ECF 14. After his injury occurred, plaintiff told defendant C.O. Villalon that he was in "serious pain" but was told to go back in his cell area. Am. Compl. ¶ IV. He told C.O. Villalon that his foot was swollen, and C.O. Villalon ignored him for "several minutes." Id. ¶ IV and attachment. C.O. Cooper, who allegedly ignored plaintiff when he first called for medical attention, "shortly" came to plaintiff's cell area. Id. He saw that plaintiff's foot was swollen and "immediately" called for medical attention. Id. Plaintiff received medical treatment that "same night." Id. ¶ IV.A. An x-ray was taken of plaintiff's left ankle, and plaintiff had to wear a cast on his left foot for a "bad" sprain for six weeks. Id. Plaintiff received physical therapy once a week (though he does not state over what period of time he received weekly physical therapy). Id.

---

whether nonexhaustion is clear from the face of the complaint," Rivera v. Anna M. Kross Center, No. 10 Civ. 8696(RJH), 2012 WL 383941, at *2 (S.D.N.Y. Feb. 7, 2012). Here, the court need not decide whether nonexhaustion is clear from the face of the complaint because the court dismisses plaintiff's complaint for substantive reasons. PLRA, 42 U.S.C. § 1997e(c)(2) ("In the event that a claim . . . fails to state a claim upon which relief can be granted . . . the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies".); Coqueran v. Eagen, No. 98-CV-7185, 2000 WL 96768, at *1 n.1 (E.D.N.Y. Jan. 20, 2000).

[2] Plaintiff filed his original complaint on September 19, 2012. Dkt. #1. In an order dated October 22, 2012, the court dismissed plaintiff's complaint with thirty days leave to amend. Dkt. #12. On November 19, 2012, plaintiff filed an amended complaint. Dkt. #13.

Plaintiff states that he wrote a "formal complaint," which he sent to defendant Green on March 24, 2011, and to defendant Canty on March 30, 2011, bringing to their attention the leaks from the ceiling in the area in front of the showers, in the "Day Room/Tv area," and "in back of Tier." Id. ¶ IV and attachment. Plaintiff states that he did not receive a response to his complaints, id., but he does not specify in his amended complaint whether he followed up on those complaints or whether he had made any complaints prior to the incident.

In his amended complaint, plaintiff alleges that the defendants violated his rights by failing to provide him with a secure living area, failing to provide him with medical treatment, and failing to respond to his complaints.

## DISCUSSION

I. **Standard of Review**

Under Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Freedom Holdings, Inc. v. Spitzer, 363 F.3d 149, 151 (2d Cir. 2004). "A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Pro se pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011). Nonetheless, to survive a motion to dismiss, a pro se complaint must plead a "plausible" claim for relief. Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). The complaint's allegations "must be enough to raise a right to relief

above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## II. Plaintiff's § 1983 Claims against the Defendants

To state a plausible claim under 42 U.S.C. § 1983, plaintiff must (i) plead facts from which it can be inferred that his constitutional rights were violated and (ii) allege that the defendants were personally involved in that violation of his rights. Sylla v. City of New York, No. 04-cv-5692 (ILG), 2005 WL 3336460, at *2 (E.D.N.Y. Dec. 8, 2005) (citing Gill v. Mooney, 824 F.2d 192, 196 (2d Cir. 1987)). Construing the amended complaint and plaintiff's allegations liberally, plaintiff has attempted to allege that defendants violated his Eighth Amendment[3] right to be free from "conditions of confinement" that pose an "excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Specifically, he asserts (i) that his conditions of confinement were unconstitutional due to the ceiling leaks that defendants failed to have fixed and (ii) that defendants' delay in getting treatment for his injured foot showed deliberate indifference to his medical needs.

In Farmer v. Brennan, the Supreme Court held that, for a plaintiff to state a plausible Eighth Amendment claim against a prison official for failure to prevent a harm to the plaintiff,

---

[3] It is not clear from the pleadings whether plaintiff was "convicted" or only "detained" during the time period relevant to his claims. If plaintiff was detained but not convicted, the Due Process Clause of the Fourteenth Amendment would instead apply to his claims. See Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009); Rentas v. Jonson, No. 10 Civ. 4244 (DAB)(FM), 2011 WL 2652473, at *2 & n.4 (S.D.N.Y. June 22, 2011); Hill v. Nieves, No. 06 Civ. 8213(DLC), 2008 WL 858455, at *5 (S.D.N.Y. Mar. 31, 2008). "Ultimately, however, [plaintiff's] status does not affect the analysis because the rubric for evaluating deliberate indifference claims is the same under the Eighth and Fourteenth Amendments." Rentas, 2011 WL 2652473, at *2 n.4 (internal quotation mark omitted); accord Caiozzo, 581 F.3d at 69-72; Hawkins v. Nassau Cnty. Corr. Facility, 781 F. Supp. 2d 107, 111 & n.3 (E.D.N.Y. 2011).

plaintiff must show (1) that the conditions of his incarceration posed an "objectively" "substantial risk of serious harm" and (2) that the prison official knew of and disregarded, that is, the official exhibited "deliberate indifference" toward, such "excessive risk to inmate health and safety." 511 U.S. at 834-39; see also Hayes v. N.Y.C. Dep't of Corr., 84 F.3d 614, 620 (2d Cir. 1996). Under the second prong of Farmer, deliberate indifference by a prison official requires "more than mere negligence," 511 U.S. at 835, and prison officials cannot be held liable if they act reasonably with respect to a risk, id. at 844-45.

Turning to the case at hand, the court applies the Farmer standard to each of the claims that may be inferred from plaintiff's amended complaint.

### A. *Plaintiff's claim regarding the conditions of his confinement*

To plead a deprivation of his rights that is "objectively, sufficiently serious" under the Farmer standard, plaintiff must allege that the defendants' actions "resulted in the denial of the minimal civilized measures of life's necessities" and that he was "incarcerated under conditions posing a substantial risk of serious harm." Id. at 834 (internal quotation marks omitted). Here, plaintiff appears to assert that the problematic conditions of his incarceration were unfixed ceiling leaks in various areas of the prison resulting in a wet or slippery floor, which could (and seemingly did) cause plaintiff to slip and injure himself. Courts in this circuit, as well as in other circuits, have repeatedly held that "a wet or slippery floor does not pose an objectively excessive risk to prisoners" sufficient to give rise to a constitutional claim. Sylla, 2005 WL 3336460, at *3 (no constitutional violation where plaintiff slipped when forced to use flooded bathroom; compiling case law); see also, e.g., Rentas v. Jonson, No. 10 Civ. 4244 (DAB)(FM), 2011 WL 2652473, at *3 (S.D.N.Y. June 22, 2011) (no constitutional claim for slip-and-fall

resulting from ceiling leak); Hawkins v. Nassau Cnty. Corr. Facility, 781 F. Supp. 2d 107, 113 (E.D.N.Y. 2011) (water on floor of shower area cannot, as a matter of law, state § 1983 claim; compiling cases); Davis v. Reilly, 324 F. Supp. 2d 361, 367 (E.D.N.Y. 2004) (failure to provide shower mats not a constitutional violation); Wehrhahn v. Frank, No. 04-C-475-C, 2004 WL 2110755, at *2 (W.D. Wis. Sept. 17, 2004) (failure to put up "slippery when wet" sign not constitutional violation but merely "claim of negligence"). As another court in this district has stated, "alleged water in the shower area does not deprive plaintiff of a basic human need and, thus, cannot as a matter of law give rise to a constitutional violation . . . . Although water on a floor certainly implicates safety, not every safety issue in a jail implicates a constitutional right; rather, the alleged safety issue must expose the inmate to serious damage to future health. Water on the floor of the shower area . . . in a jail simply cannot meet that standard." Hawkins, 781 F. Supp. 2d at 113. This court agrees that ceiling leaks causing a wet floor are not a "sufficiently serious" risk to state a plausible constitutional claim.

Moreover, plaintiff's allegations regarding defendants' awareness of, and failure to fix, the leaks after he complained to certain prison officials do not transform his otherwise insufficient pleading into a plausible constitutional claim. It is not clear from the pleadings whether plaintiff sent complaint letters alerting prison officials to the leaks prior to his injury. The only letters he mentions in his amended complaint were those he sent after the date of his asserted injury. Am. Compl. ¶ IV and attachment. Even had the defendants known about the leaky ceilings, as plaintiff appears to assert in his opposition papers, see Dkt. #38, Pl.'s June 24 Opp'n, ECF 5, 9, the defendants' alleged awareness of the problem would give rise to an inference of negligence rather than the requisite "deliberate indifference." In Sylla, another court in this district held that, even where a plaintiff alleged that he was forced to use a flooded

bathroom and that the defendant correction officer "knew that plaintiff might injure himself," such allegations could not "transform a wet floor into anything more than a negligent condition." 2005 WL 3336460, at *3; accord Rentas, 2011 WL 2652473, at *3 ("Even assuming, however, that these defendants had knowledge of the wet floor, [plaintiff] has, at best, established that they were negligent by failing to address (or warn him of) this condition."); Edwards v. N.Y.C. Dep't of Corr., No. 08 Civ. 05787(PGG), 2009 WL 2596595, at *3 (S.D.N.Y. Aug. 24, 2009) ("[C]ourts have held that allegations of wet conditions leading to a slip-and-fall will not support a Section 1983 claim even where, as here, the plaintiff also alleges that the individual defendants had notice of the wet condition but failed to address it"); but see Harris v. Westchester Cnty. Dep't of Corr., No. 06 Civ. 2011(RJS), 2008 WL 953616, at *6 (S.D.N.Y. Apr. 3, 2008) (allowing Section 1983 claim to proceed where, prior to slip-and-fall, plaintiff had repeatedly warned prison officials of a leak causing puddles in his cell). Here, the unfixed ceiling leaks may have been a negligent condition, but plaintiff has pleaded no facts that would allow the court to infer that they rose to the level of an "objectively excessive risk" of "serious harm" to him or that defendants were deliberately indifferent to such risk. Accordingly, this claim cannot survive a motion to dismiss.

### B. *Plaintiff's claim regarding delayed medical care*

Plaintiff also asserts a claim that his rights were violated by C.O. Villalon's and C.O. Cooper's "failure to get medical care" for plaintiff's injury. Am. Compl. ¶ IV and attachment. The Second Circuit has stated that an Eighth Amendment claim for denial of adequate medical care requires a plaintiff to show that "(1) under an objective standard the alleged deprivation is 'sufficiently serious' in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists; and (2) under a subjective standard, the prison official

7

knows of and disregards an excessive risk to inmate health or safety." Chatin v. Artuz, 28 F. App'x 9, 10 (2d Cir. 2001) (internal quotation marks omitted). In Chatin, the Second Circuit stated unequivocally that a sprained ankle, the injury of which plaintiff here complains, does "not rise to the level of seriousness that the Eighth Amendment requires." Id.; accord Coqueran v. Eagen, No. 98-CV-7185, 2000 WL 96768, at *4 (E.D.N.Y. Jan. 20, 2000) (possible sprained ankle and bone spur not "sufficiently serious"). Moreover, plaintiff bases his claim for inadequate medical care on the fact that he was told to go back to his cell after his injury and that, when he complained to the defendants, they ignored him. Am. Compl. ¶ IV and attachment. He does not allege that the medical treatment he received was in any way inadequate. He admits that he was only ignored for "several minutes," that defendant C.O. Cooper "shortly came" to plaintiff's cell after plaintiff called for medical attention, that C.O. Cooper "immediately" called for medical attention when he saw that plaintiff's foot was swollen, and that plaintiff received medical treatment that "same night." Id. ¶¶ IV, IV.A and attachment. These allegations cannot give rise to an inference of deliberate indifference to serious medical needs. See, e.g., Bilal v. White, 494 F. App'x 143, 145 (2d Cir. 2012) ("temporary delay or interruption in the provision of otherwise adequate medical treatment for [plaintiff's] ailments lasting only a few hours" not deliberate indifference even where underlying conditions "arguably are serious"); Chatin, 28 F. App'x at 11 (no deliberate indifference where prison officials waited two days before taking plaintiff with sprained ankle to hospital for x-rays); Vansertima v. Dep't of Corr., No. 10 CV 3214(RJD)(RER), 2012 WL 4503412, at *6 (E.D.N.Y. Sept. 28, 2012) (twenty-four hour delay in treatment was "minor and inconsequential" and "no more than the inconvenience all patients face in receiving medical care, particularly when, [as in this case], their medical condition is not grave") (alteration in original) (internal quotation marks omitted); Coqueran, 2000 WL 96768, at

*4 (two-month delay between ankle injury and diagnostic x-rays not deliberate indifference). Thus, plaintiff's medical indifference claim must also be dismissed.

### III. Leave to Amend

Although plaintiff has not explicitly requested leave to further amend his complaint, the court nonetheless considers whether he should be given an opportunity to replead his claims. "A court generally should not dismiss a pro se complaint 'without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" Vansertima, 2012 WL 4503412, at *7 (citing Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002)). This court has already provided plaintiff with leave to amend his complaint once. See Dkt. #12. Although Rule 15(a)(2) instructs courts to "freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), "justice does not so require if amendment would be futile," Xiang Li v. Morrisville State Coll., 434 F. App'x 34, 35 (2d Cir. 2011). An amendment would be futile if, even when better pleaded, the claim would not survive a motion to dismiss. See, e.g., Lucente v. IBM Corp., 310 F.3d 243, 258 (2d Cir. 2002); Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). It is clear from the foregoing discussion that allowing the plaintiff to amend his complaint a second time would be futile.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted, and plaintiff's claims against all defendants are dismissed with prejudice. The Clerk of Court is directed to enter judgment accordingly and close the case.

SO ORDERED.

/S/ Judge Allyne R. Ross
--------------------------------
Allyne R. Ross
United States District Judge

Dated:     October 16, 2013
             Brooklyn, New York

SERVICE LIST

Jefferson Farray
# 045-857-146
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, NY 14020